UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>148 Fruit Street, Bangor, ME 04401 |
| Candy White and George White | Mortgage:<br>January 7, 2008<br>Book 11272, Page 140 |
| **Defendants**<br>Midland Funding, LLC | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Candy White and George White, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Candy

White and George White, are the obligor and the total amount owed under the terms of the Note is Two Hundred Fifty-One Thousand Six Hundred Six and 50/100 ($251,606.50) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Candy White, is a resident of Bangor, County of Penobscot and State of Maine.

6. The Defendant, George White, is a resident of Bangor, County of Penobscot and State of Maine.

7. The Party-in-Interest, Midland Funding LLC, is located at c/o Corporation Service Company 45 Memorial Circle, Augusta, ME 04330.

## FACTS

8. On April 18, 2006, by virtue of a Warranty Deed from Candy White, Personal Representative of the Estate of Harold Albert White, which is recorded in the Penobscot County Registry of Deeds in **Book 10402, Page 28**, the property situated at 148 Fruit Street, County of Penobscot, and State of Maine, was conveyed to Candy White and George White, being more particularly and incorrectly described by the legal description in the attached Exhibit A; the correct legal description for the mortgaged property is attached hereto as Exhibit B. *See* Exhibit B (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On January 7, 2008, Defendants, Candy White and George White, executed and delivered to HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com a certain Note under seal in the amount of $160,471.00. *See* Exhibit C (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on January 7, 2008, Defendants, Candy White and George White executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com, securing the property located at 148 Fruit Street, Bangor, ME 04401 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 11272**, **Page 140**. *See* Exhibit D (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated August 31, 2011 and recorded in the Penobscot County Registry of Deeds in **Book 12620**, **Page 165**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to The Secretary of Housing and Urban Development by virtue of an Assignment of Mortgage dated January 30, 2015 and recorded in the Penobscot County Registry of Deeds in **Book 13774**, **Page 175**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated February 10, 2015 and recorded in the Penobscot County Registry of Deeds in **Book 13774**, **Page 177**.  *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Order Nunc Pro Tunc from the Penobscot County Superior Court, Docket No. CV-2015-186, entered on March 23, 2017, and recorded in the Penobscot County Registry of Deeds in **Book 14540, Page 39**.  *See* Exhibit H (a true and correct copy of the Order Nunc Pro Tunc is attached hereto and incorporated herein).

15. On May 31, 2011, the Defendants, Candy White and George White, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $169,173.39 (herein after referred to as the "Loan Modification").  *See* Exhibit I (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

16. On February 2, 2018, the Defendants, Candy White and George White, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $167,461.61 (herein after referred to as the "Loan Modification").  *See* Exhibit J (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

17. On December 10, 2018, the Defendants, Candy White and George White, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after

referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Candy White and George White, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K

19. The Defendants, Candy White and George White, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. Midland Funding, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,727.70 dated July 5, 2011, and recorded in the Penobscot County Registry of Deeds in **Book 12554**, **Page 204** and is in second position behind Plaintiff's Mortgage.

24. The total debt owed under the Note and Mortgage as of March 9, 2020 is Two Hundred Fifty-One Thousand Six Hundred Six and 50/100 $251,606.50) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $161,761.49 |
| Interest | $844.25 |
| Escrow/Impound Required | $3,387.91 |
| Total Advances | $1,773.50 |
| Deferred Amounts | $83,534.61 |
| Late Charges | $304.74 |
| Grand Total | $251,606.50 |

25. Upon information and belief, the Defendants, Candy White and George White, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 148 Fruit Street, Bangor, County of Penobscot, and State of Maine. *See* Exhibit A.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 2 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

30. The Defendants, Candy White and George White, are presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2019, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

31. The total debt owed under the Note and Mortgage as of March 9, 2020 is Two Hundred Fifty-One Thousand Six Hundred Six and 50/100 ($251,606.50) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $161,761.49 |
| Interest | $844.25 |
| Escrow/Impound Required | $3,387.91 |
| Total Advances | $1,773.50 |
| Deferred Amounts | $83,534.61 |
| Late Charges | $304.74 |
| Grand Total | $251,606.50 |

32. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendants, Candy White and George White's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

34. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Candy White and George White, on December 10, 2018, evidenced by the Certificate of Mailing. *See* Exhibit K

35. The Defendants, Candy White and George White, are not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. On January 7, 2008, the Defendants, Candy White and George White, executed under seal and delivered to HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com a certain Note in the amount of $160,471.00.  *See* Exhibit C.

38. The Defendants, Candy White and George White, are in default for failure to properly tender the October 1, 2019 payment and all subsequent payments.  *See* Exhibit K.

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Candy White and George White.

40. The Defendants, Candy White and George White, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

41. The Defendants Candy White and George White's breach is knowing, willful, and continuing.

42. The Defendants Candy White and George White's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

43. The total debt owed under the Note and Mortgage as of March 9, 2020, if no payments are made, is Two Hundred Fifty-One Thousand Six Hundred Six and 50/100 ($251,606.50) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $161,761.49 |
| Interest | $844.25 |
| Escrow/Impound Required | $3,387.91 |
| Total Advances | $1,773.50 |
| Deferred Amounts | $83,534.61 |
| Late Charges | $304.74 |
| Grand Total | $251,606.50 |

44. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. By executing, under seal, and delivering the Note, the Defendants, Candy White and George White, entered into a written contract with HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com who agreed to loan the amount of $160,471.00 to the Defendants. *See* Exhibit C.

47. As part of this contract and transaction, the Defendants, Candy White and George White, executed the Mortgage to secure the Note and the subject property. *See* Exhibit D.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com, and has performed its obligations under the Note and Mortgage.

49. The Defendants, Candy White and George White, breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2019 payment and all subsequent payments.  *See* Exhibit K.

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Candy White and George White.

51. The Defendants, Candy White and George White, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

52. The Defendants, Candy White and George White, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Two Hundred Fifty-One Thousand Six Hundred Six and 50/100 ($251,606.50) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendants.

53. Defendants Candy White and George White's breach is knowing, willful, and continuing.

54. Defendants Candy White and George White's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. The total debt owed under the Note and Mortgage as of March 9, 2020, if no payments are made, is Two Hundred Fifty-One Thousand Six Hundred Six and 50/100 ($251,606.50) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $161,761.49 |
| Interest | $844.25 |
| Escrow/Impound Required | $3,387.91 |
| Total Advances | $1,773.50 |
| Deferred Amounts | $83,534.61 |
| Late Charges | $304.74 |
| Grand Total | $251,606.50 |

56. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

57. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, Candy White and George White, $160,471.00.  *See* Exhibit C.

59. The Defendants, Candy White and George White, are in default for failure to properly tender the October 1, 2019 payment and all subsequent payments.  *See* Exhibit K.

60. As a result of the Defendants Candy White and George White's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

61. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

62. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, Candy White and George White, $160,471.00. *See* Exhibit C.

64. The Defendants, Candy White and George White, have failed to repay the loan obligation.

65. As a result, the Defendants, Candy White and George White, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com by having received the aforesaid benefits and money and not repaying said benefits and money.

66. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## COUNT VI – REFORMATION OF LEGAL DESCRIPTION

67. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 66 as if fully set forth herein.

68. It was the intent of the parties that the Mortgage, dated January 7, 2008, and recorded in the Penobscot County Registry of Deeds in **Book 11272**, **Page 140**, which is the subject of this foreclosure action, contain the legal description as stated in the deed dated April 18, 2006 in **Book 10402**, **Page 28**. A copy of the correct legal description is attached hereto as Exhibit B.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Candy White and George White, are in breach of the Note by failing to make payment due as of October 1, 2019, and all subsequent payments;

d) Find that the Defendants, Candy White and George White, are in breach of the Mortgage by failing to make payment due as of October 1, 2019, and all subsequent payments;

e) Find that the Defendants, Candy White and George White, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Candy White and George White, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2019 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Candy White and George White have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendants, Candy White and George White, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendants, Candy White and George White, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Candy White and George White, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Candy White and George White, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Candy White and George White;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Candy White and George White, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Two Hundred Fifty-One Thousand Six Hundred Six and 50/100 ($251,606.50) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Find that it was the intent of the parties at the time of the execution of the subject mortgage to include the legal description as reflected in Exhibit B attached hereto;

r) For such other and further relief as this Honorable Court deems just and equitable.

                                    Respectfully Submitted,
                                    U.S. Bank Trust, N.A., as Trustee for LSF9
                                    Master Participation Trust,
                                    By its attorneys,

Dated:  March 30, 2020

                                    /s/ John A. Doonan, Esq.
                                    /s/ Reneau J. Longoria, Esq.
                                    John A. Doonan, Esq., Bar No. 3250
                                    Reneau J. Longoria, Esq., Bar No. 5746
                                    Attorneys for Plaintiff
                                    Doonan, Graves & Longoria, LLC
                                    100 Cummings Center, Suite 225D
                                    Beverly, MA 01915
                                    (978) 921-2670
                                    JAD@dgandl.com
                                    RJL@dgandl.com