STATE OF MAINE
PENOBSCOT, SS

SUPERIOR COURT
LOCATION: BANGOR
DOCKET NO. CV-2015-186

U.S. Bank Trust, N.A., as Trustee for
LSF9 Master Participation Trust

      Plaintiff

      vs.

HomeBridge Mortgage Bankers Corp.,
d/b/a Refinance.com

      Defendant

Candy White, George White and
Mortgage Electronic Registration
Systems, Inc., as nominee for
HomeBridge Mortgage bankers Corp.,
d/b/a Refinance.com
Midland Funding, LLC

      Parties-In-Interest

ORDER

TITLE TO REAL ESTATE IS
INVOLVED

MORTGAGED PREMISES:
148 Fruit Street
Bangor, ME 04401
Book 11272, Page 140

This matter is before the Court on Plaintiff's Motion for Quiet Title Default Judgment and Judgment on the Pleadings. Having considered the pleadings, this Court finds that neither the Defendant, HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com, nor the Parties-In-Interest, Candy White, George White and Mortgage Electronic Registration Systems, Inc., as nominee for HomeBridge Mortgage bankers Corp., d/b/a Refinance.com, Midland Funding, LLC, have answered or otherwise appeared in this matter.

Accordingly, for good cause shown, it is hereby ORDERED that;

Plaintiff is GRANTED default judgment in this matter; and

This Court ORDERS, confirms and ratifies, *nunc pro tunc*, the transfer of the mortgage, dated January 7, 2008, and recorded in the Penobscot County Registry of Deeds in Book 11272, Page 140, as evidenced by the assignment from a) Mortgage Electronic Registration Systems, Inc., as nominee for HomeBridge Mortgage Bankers Corp., d/b/a Refinance.com dated August 31, 2011 and recorded in Book 12620, Page 165 b) further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage/Deed of Trust dated February 10, 2015 and recorded in the Penobscot County Registry of Deeds in **Book 13774, Page 177** and all the rights contained therein, including ownership, to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust; and

Render an in rem decision concerning the subject property mortgage finding ownership of the subject mortgage property, subject to any rights of redemption held by the mortgagees, rests with the Plaintiff.

The Plaintiff is the owner and holder of both the subject Note and Mortgage Deed, *nunc pro tunc* as of February 10, 2015 the date of the Mortgage Assignment to the Plaintiff recorded in **Book 13774, Page 177.**

_____
Justice, Superior Court

**SEAL**

A TRUE COPY
ATTEST: _Amy H. Beckardx_
       CLERK



EXHIBIT

**H**

STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, SS.                                      CIVIL ACTION
                                                    DOCKET NO. CV-15-186

U.S. BANK TRUST, as Trustee for LSF9
Master Participation Trust,

       Plaintiff,

         v.

HOMEBRIDGE MORTGAGE BANKERS                         DECISION
CORP., d/b/a REFINANCE.COM,

       Defendant,

CANDY WHITE AND GEORGE WHITE,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC. as nominee for HomeBridge Mortgage Bankers Corp.,
MIDLAND FUNDING, LLC,

       Parties-In-Interest.


Plaintiff U.S. Bank Trust, as Trustee for LSF9 Master Participation Trust has moved for default judgment on its complaint for declaratory judgment. In this case, in which there is a prior MERS assignment, Plaintiff represents that it possesses the note and asks the Court to declare that it is the owner of all rights in the note and mortgage that are the subject of the complaint. *See Bank of America v. Greenleaf,* 2014 ME 89, 96 A.3d 700. The complaint was filed to clarify that the note is secured and to ensure that Plaintiff would have standing to file a complaint for foreclosure should there be a later default on the subject note. The original mortgagee (HomeBridge Mortgage Bankers Corp.), as well as MERS and the mortgagors, have all been properly served. Neither Defendant nor the Parties-in-Interest have answered or otherwise appeared in this matter.

Plaintiff provided in paragraph 16 of its complaint the averment that it was the current owner of the subject mortgage, which statement is deemed admitted by Defendant's failure to deny any of Plaintiff's claims. M.R. Civ. P. 8(d) ("[a]verments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading").

In *Greenleaf,* the Court ruled that "in the absence of any evidence that the Bank owned Greenleaf's mortgage, we conclude that the Bank lacked standing to seek foreclosure on the mortgage and accompanying note," implying that it would be possible on other facts to prove ownership of the mortgage. 2014 ME 89, ¶ 17, 96 A.3d 700. Because the parties have failed to answer, the Court concludes that they have no interest in taking a position contrary to Plaintiff's and infers that they have no reason to do so. As a result, the Court declines to hold further hearings, permitted but not required by M.R. Civ. P. 55(b)(2), to investigate the averments in the complaint. Under these circumstances it makes little sense to cause the parties' rights with regard to this property, note, and mortgage to remain unresolved. The Court therefore grants the declaratory relief that Plaintiff seeks.

Dated: 3/23/17

Date entered on Civil Docket 3/24/17

William R. Anderson
Justice, Maine Superior Court

(SEAL)

A TRUE COPY
ATTEST: _____
CLERK

Susan F. Bulay, Register
Penobscot County, Maine